UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTOINE LAMONT WILSON,

        Petitioner,           Case No. 1:17-cv-61

v.                                    Honorable Gordon J. Quist

SHIRLEE HARRY,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner Antoine Lamont Wilson is incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. Petitioner is serving several sentences of imprisonment following his September 11, 2013 convictions, including: a life sentence for first-degree murder, MICH. COMP. LAWS § 750.316(1)(a); sentences of 2 to 4 years on two counts of felonious assault, MICH. COMP. LAWS § 750.82; a sentence of 2 to 5 years on one count of felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; and a sentence of 2 years on one count of felony firearm, MICH. COMP. LAWS § 750.227b.

With the assistance of counsel, Petitioner directly appealed his convictions to the Michigan Court of Appeals raising two issues: (1) ineffective assistance of counsel for failing to properly advise Petitioner with respect to plea offers; and (2) insufficiency of the evidence on the element of premeditation and deliberation for Petitioner's first-degree murder conviction. The court of appeals remanded the matter to the trial court for consideration of Petitioner's motion for new trial on the ineffective assistance of counsel claim. The trial court held a hearing and denied relief. By opinion issued January 20, 2015, the court of appeals affirmed Petitioner's convictions.

Petitioner sought leave to appeal in the Michigan Supreme Court. That court denied leave by order entered June 30, 2015.

The Court received the petition on January 18, 2017. The postmark indicates it was mailed on January 17, 2017 from Detroit. As Petitioner is incarcerated in Muskegon, it appears it may have been filed by someone other than Petitioner. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Some of the documents submitted with the petition

are unsigned; however, Petitioner's brief is signed and dated December 15, 2016. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)). The Court will consider the petition filed as of the date Petitioner signed his brief.

## II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 30, 2015. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 28, 2015. Petitioner had one year, until September 28, 2016, to file his habeas application. Petitioner filed on December 15, 2016. Obviously, he filed more than one year after the time for direct review expired. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon*

*Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

In Petitioner's habeas brief (ECF No. 2), he specifically invokes the equitable tolling doctrine to render his habeas claims timely. Although Petitioner's submission may demonstrate his diligence, he has failed to identify an extraordinary circumstance that stood in his way so as to warrant application of the doctrine to his case. Petitioner suggests he faced several barriers: (1) he was unaware of the time he was required to file the petition; (2) he is untrained in the law and was not able to access the legal materials he needed; and (3) he could not obtain the transcripts for this Court.[1]

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See*

---

[1] Petitioner states: "[a]lso petitioner was incompetent of the time he had to file his petition in Federal Court . . . ." (Br., ECF No. 2, PageID.23; *see also* Aff., ECF No. 2-7, PageID.170.) The Court interprets that statement as indicating Petitioner was unaware of the deadline for his habeas petition. If, on the other hand, Petitioner meant to say he was incompetent *at* the time he had to file his petition, he has failed to make the required showing. "[M]ental incompetence or incapacity may provide a basis for equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citing *McSwain v. Davis*, 287 F. App'x 450 (6th Cir. 2008)). Nonetheless, mental incompetency is not a *per se* reason to toll the statute of limitations; it should be applied sparingly. *Kitchen v. Bauman*, 629 F. App'x 743, 747 (6th Cir. 2015). The petitioner must demonstrate that "'(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations.'" *Id.* (quoting *Ata*, 662 F.3d at 742). The entirety of Petitioner's argument with regard to his incompetence is "[a]lso petitioner was incompetent of the time he had to tile his petition . . . ."

*Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

The fact that Petitioner was unable to access the law books he desired is also unavailing. *See Hall v. Warden*, No. 09-3372, slip op. at 9 (6th Cir. Nov. 30, 2011) (holding that limited library access, even when combined with the petitioner's *pro se* status and his lack of trial transcripts, was insufficient to support equitable tolling); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (denying a request for equitable tolling based on an "inadequate law library" in the petitioner's prison); *Felder v. Johnson*, 204 F.3d 168, 169 (5th Cir. 2000) (holding that petitioner's "alleged unawareness of AEDPA's requirements . . . due to inadequacies of his prison's library" was "clearly insufficient to warrant equitable tolling"); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (stating equitable tolling unwarranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (holding that to invoke equitable tolling, "It is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Petitioner's inability to obtain the transcripts of his state court proceedings is, also, not an extraordinary circumstance that warrants equitable tolling. *See Hall v. Warden*, No. 09-3372, slip op. at 8 (6th Cir. Nov. 30, 2011).

Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v.*

*Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner cannot claim that he is actually innocent. He acknowledges that he fired the shots that killed his girlfriend. He has certainly failed to proffer any evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: February 15, 2017                        /s/ Phillip J. Green
                                                Phillip J. Green
                                                United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).