UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTOINE LAMONT WILSON,

    Petitioner,

v.                                            Case No. 1:17-CV-61

SHIRLEE HARRY,                       HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On February 15, 2017, Magistrate Judge Green issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's petition for writ of habeas corpus because it is barred by the one-year statute of limitations in 28 U.S.C. § 2254(d)(1)(A). The magistrate judge concluded that the one-year limitations period expired on September 28, 2016. (ECF No. 11 at PageID.206.) The magistrate judge also concluded that Petitioner is not entitled to equitable tolling because, although Petitioner may have been diligent, he failed to identify any extraordinary circumstance warranting the application of equitable tolling. (*Id.* at PageID.207.) Finally, the magistrate judge concluded that Petitioner failed to establish actual innocence. (*Id.*)

Petitioner has filed Objections to the R & R. After conducting a *de novo* review of the R & R and Petitioner's Objections, the Court concludes that the R & R should be adopted.

In his Objections, Petitioner states that the magistrate judge ignored the reasons Petitioner offered as to why the Court should apply equitable tolling to the petition. For example, Petitioner states that he was incompetent, meaning ignorant; that Petitioner lacked necessary legal materials to enable him to file a timely habeas petition; and that Petitioner was not placed on call-outs for use

of the law library, and when Petitioner was called out, he could not get on the computer. However, even a cursory review of the R & R shows that the magistrate judge did, in fact, address Petitioner's asserted grounds for application of equitable tolling. The magistrate judge concluded, correctly, that none of the grounds Petitioner cited, singly or in combination, supported the application of equitable tolling. Thus, Petitioner has failed to demonstrate any ground for rejecting the R & R.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 15, 2017 (ECF No. 11) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objections (ECF No. 12) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

This case is **concluded**.


Dated: March 9, 2017                                    /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE